## FOSTER v. PEOPLE.

*Criminal evidence. Burglary — evidence of theft of articles not named in indict-
ment.     Objection — to evidence on untenable ground.*

At the trial of an indictment for burglary in the third degree, in entering and
taking from a store certain articles, the fact that certain cigars which were
not mentioned in the indictment, had disappeared with the articles set forth,
was allowed to be proved.    *Held*, that the evidence was admissible as a cir-
cumstance showing the nature and extent of the burglary.

A box of, burglars' tools were introduced by the prosecution.    The prisoner
objected on the ground that the prisoner was in no way proven to be con-
nected with them, which was not a fact.    *Held*, that a motion to strike out
the testimony of a witness describing these tools, made after the prosecu-
tion had rested, was properly denied.

ERROR to the court of general sessions of the city and county of
New York, to review the conviction of Thomas Foster, for bur-
glary in the third degree.

*Wm. F. Howe*, for plaintiff in error.

*Benjamin H. Phelps*, for the people.

DANIELS, J.

The head-note states the only points passed upon in the opinion.
*Judgment affirmed.*